**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK**
_____
**MICHELLE WEISS,**

                        **Petitioner,**                    **9:13-cv-419
(GLS/TWD)**

                        v.

**SUPERINTENDENT,**

                        **Respondent.**
_____

**APPEARANCES:**                          **OF COUNSEL:**

**FOR THE PETITIONER:**
Michelle Weiss
Pro Se
1122 Windy Hill Road
Harker Heights, TX 76548

**FOR THE RESPONDENT:**
HON. ERIC T. SCHNEIDERMAN      LISA E. FLEISCHMANN
New York Attorney General           Assistant Attorney General
120 Broadway
New York, NY 10271

**Gary L. Sharpe
Senior District Judge**

## MEMORANDUM-DECISION AND ORDER

### I. Introduction

    Petitioner *pro se* Michele Weiss commenced this habeas corpus

action, alleging that, in prosecuting her and seeking that she be sentenced

as a second felony offender under New York law, the state violated a plea agreement it entered into regarding a prior conviction. (*See generally* Pet., Dkt. No. 1; Dkt. No. 2.) In a Report and Recommendation (R&R) dated September 12, 2016, Magistrate Judge Thérèse Wiley Dancks recommended that the petition be denied and dismissed, and that no certificate of appealability issue. (Dkt. No. 27.) Pending are Weiss' objections to the R&R. (Dkt. No. 28.) For the reasons that follow, the R&R is adopted in its entirety, and the petition is denied and dismissed.

## II. Background

The facts, which are more fully stated in the R&R, are nuanced. As pertinent here, in mid-2007, Weiss pleaded guilty, pursuant to a plea agreement, to attempted bribing a witness, *see* N.Y. Penal Law §§ 110.00, 215.00. (Dkt. No. 15, Attach. 5 at 22-36.) In connection with the plea agreement, the state promised that it would not prosecute Weiss for perjury related to her contention that her ex-husband assaulted her at a youth football game in 2005, an event which was then under investigation. (*Id.* at 25; Dkt. No. 15, Attach. 2 at 75.) Weiss was sentenced to probation for a term of five years, which has since expired. (Dkt. No. 15, Attach. 5 at 31.)

During a deposition in late 2007, Weiss provided sworn testimony in which she made certain assertions regarding the alleged assault by her ex-husband at the football game in 2005. (Dkt. No. 15, Attach. 2 at 40-44.) As a result, the state charged her with three counts of perjury for which she was later indicted. (*Id.* at 7-9.) One count was dismissed by County Court, but her motion seeking dismissal of all counts for a breach of the plea agreement was denied. (Dkt. No. 15, Attach. 5 at 55-63.) County Court reasoned that the plea agreement related to the bribing a witness conviction did not include any promise to forego prosecution for future criminal conduct. (*Id.* at 63.) In 2010, following a jury trial on the remaining counts, Weiss was found guilty. (Dkt. No. 15, Attach. 2 at 198-375.) County Court (Cerio, J.) refused to sentence Weiss as a second felony offender over the state's objection; instead, the court imposed two concurrent five-year terms of probation, and both parties appealed. (*Id.* at 170-02, 191; Dkt. No. 15, Attach. 7.)

On appeal, the Appellate Division, Third Department, affirmed the conviction, but vacated the judgment for resentencing, finding that County Court erred by failing to sentence Weiss as a second felony offender. (Dkt. No. 15, Attach. 7); *People v. Weiss*, 99 A.D.3d 1035 (3d Dep't 2012). The

New York Court of Appeals denied Weiss' motion for leave to appeal. *See People v. Weiss*, 20 N.Y.3d 1015 (2013). Weiss thereafter commenced this action. (*See generally* Pet.)

### III. Standard of Review

Before entering final judgment, this court routinely reviews all report and recommendation orders in cases it has referred to a magistrate judge. If a party has objected to specific elements of the magistrate judge's findings and recommendations, this court reviews those findings and recommendations *de novo*. *See Almonte v. N.Y.S. Div. of Parole*, No. Civ. 904CV484, 2006 WL 149049, at *6-7 (N.D.N.Y. Jan. 18, 2006). In those cases where no party has filed an objection, or only a vague or general objection has been filed, this court reviews the findings and recommendations of the magistrate judge for clear error.[1] *See id.*

### IV. Discussion

In essence, Weiss alleges that her conviction for perjury is unconstitutional because it violates a previous plea agreement and that she was improperly sentenced as a second felony offender. (Dkt. No. 2 at

---

[1] "[A] report is clearly erroneous if the court determines that there is a mistake of fact or law which is obvious and affects substantial rights." *Almonte*, 2006 WL 149049, at *6.

6-14.) Judge Dancks misunderstood or omitted important underlying facts, contends Weiss, which "fatally undermine[s] the [R&R]." (Dkt. No. 28 at 3-4.) Weiss also argues at some length that the controlling factual findings of the state court are those of Judge Cerio, not the Appellate Division, and Judge Dancks' failure to adhere to the facts as expressed by Judge Cerio is erroneous. (*Id.* at 8-11.) The objections — which are better drafted than most *pro se* submissions — largely fail to appreciate the intricacies of habeas corpus jurisprudence, which is undoubtedly a specialized area of law.

Several of Weiss' objections are properly characterized as specific and, therefore, trigger de novo review, while the remainder are a repackaged version of what she previously argued in the papers considered by Judge Dancks and warrant review for clear error only. Upon review, the court reaches the identical conclusion as reached by Judge Dancks, although a few specific comments are warranted.

As noted in the R&R, to the extent the petition can be read to attack the conviction stemming from the 2007 plea agreement — which admittedly conflicts with Weiss' own characterization of the relief she seeks, (Dkt. No. 21 at 3) — because her term of probation has expired,

5

she is no longer "in custody" on that conviction within the meaning of § 2254(a), and she cannot seek habeas relief related thereto. *See Finkelstein v. Spitzer*, 455 F.3d 131, 133 (2d Cir. 2006). Moving on to Weiss' indirect challenge to the 2007 conviction insofar as it had an impact on sentencing for perjury, the R&R's explanation of the controlling law is on point: *Lackawanna County District Attorney v. Coss*, 532 U.S. 394 (2001), prohibits such an attack. Only in circumstances not present here may a petitioner challenge a prior conviction that is subsequently used to enhance the sentence for a later conviction. *Id.* at 403-05.

Finally, Weiss' contention that Judge Cerio's factual findings are controlling, (Dkt. No. 28 at 8-11), is mistaken. The Appellate Division is required under New York law to review questions of both fact and law when an appeal is taken from a trial court judgment, *see* N.Y. C.P.L.R. 5701(c), and its factual findings, which are the last such findings on the primary issue in this case, are "presumed to be correct." 28 U.S.C. § 2254(e)(1). Weiss has failed to rebut the presumption by "clear and convincing evidence." *Id.* In any event, the factual findings are less the issue here than the legal result that flows from the facts.

The well-reasoned analysis in the R&R is wholly adopted and, as it

6

concludes, the state court's rejection of Weiss' arguments regarding the plea agreement and the corresponding effects that it had is neither contrary to nor involved an unreasonable application of clearly established federal law as determined by the Supreme Court of the United States. *See* 28 U.S.C. § 2254(d)(1).

## V. Conclusion

**WHEREFORE**, for the foregoing reasons, it is hereby

**ORDERED** that Magistrate Judge Thérèse Wiley Dancks' Report and Recommendation (Dkt. No. 27) is **ADOPTED** in its entirety; and it is further

**ORDERED** that the petition (Dkt. No. 1) is **DENIED** and **DISMISSED**; and it is further

**ORDERED** that, because Weiss has failed to make a substantial showing of the denial of a constitutional rights, no certificate of appealability shall issue pursuant to 28 U.S.C. § 2253(c)(2); and it is further

**ORDERED** that the Clerk close this case; and it is further

**ORDERED** that the Clerk provide a copy of this Memorandum-Decision and Order to the parties.

**IT IS SO ORDERED.**

October 11, 2016
Albany, New York

_Gary L. Sharpe_
Gary L. Sharpe
U.S. District Judge